548 U.S. at 171. Thus, even though the defendant had the burden of producing mitigation evidence, and even though the statute permitted imposition of the death penalty when the aggravating and mitigating circumstances were in equilibrium, the statute was constitutional. Clearly, the United States Supreme Court does not intend to re-write death penalty statutes to substitute its own weighing process for that determined by the state legislature. Based on the rationale of these cases, there is no clearly established federal law that was unreasonably applied by the Mississippi Supreme Court's consideration of this claim on the merits, and Puckett has no habeas claim on this issue.

## IV. CONCLUSION

For all of the foregoing reasons, Petitioner is not entitled to habeas relief. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that Larry Matthew Puckett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be and is hereby **DENIED**.

IT IS, FURTHER, ORDERED AND ADJUDGED that this action is hereby **dismissed with prejudice**. A separate final judgment dismissing this action with prejudice shall be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED AND ADJUDGED , this the 30th day of March, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE