# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**LARRY MATTHEW PUCKETT**                                           **PETITIONER**

**VS.**                                           **CIVIL ACTION NO. 2:04CV302HSO**

**CHRISTOPHER B. EPPS, Commissioner,**
**Mississippi Department of Corrections and**
**LAWRENCE KELLY, Superintendent,**
**Mississippi Department of Corrections**                          **RESPONDENTS**

---

## CERTIFICATE OF APPEALABILITY

A notice of appeal having been filed in the captioned habeas corpus case, in which the detention complained of arises out of process issued by a state court pursuant to 28 U.S.C. § 2254 or the detention arises out of a judgment and conviction in federal court which is being challenged pursuant to 28 U.S.C. § 2255, the Court, considering the record in the case and the requirements of 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, hereby finds that:

### Part A

 X  A certificate of appealability should issue on Claim I raised by Petitioner, but not on the remaining Claims. (See reasons below.)

___ A certificate of appealability should not issue.  (See reasons below.)

### Part B
#### (for non-CJA pauper cases only)

(Petitioner was granted leave to proceed *in forma pauperis* in the District Court and was appointed counsel under the CJA.)

REASONS:

To show his entitlement to a COA, Puckett is not required to show that he should prevail on the merits of his claim, but must only make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  To make that showing, Puckett must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). A claim can be debatable "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail." *Miller-El*, 537 U.S. at 336. A COA should issue if the claims are not "squarely foreclosed by statute, rule, or authoritative court decision, or . . . lacking any factual basis in the record . . . ." *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983).

Because this is a capital case, any doubt as to whether a COA should issue should be resolved in Puckett's favor. *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).

Puckett requests the issuance of a COA on the following grounds:

I.   The prosecution violated the Equal Protection Clause by using its peremptory strikes in a racially discriminatory manner to remove all African-Americans from petitioner's jury.

II.  The prosecution violated petitioner's due process rights by repeatedly impeaching his post-*Miranda* silence and arguing that no innocent man would forego the opportunity to tell his exculpatory story to the police.

V.   Petitioner's Eighth Amendment right to be free from arbitrary and capricious imposition of the death penalty was violated when the jury was permitted to consider and weigh a "heinous, atrocious or cruel" aggravating circumstance defined so broadly by the trial court as to include virtually all murders.

VI.  Petitioner's rights to due process of law and to be free from arbitrary and capricious imposition of the death penalty, as guaranteed by the Eight and Fourteenth Amendments to the United States Constitution, were violated when he was sentenced to death based, in part, on the "avoiding or preventing a lawful arrest" aggravating circumstance.

Although the Court has found that these claims are foreclosed by the applicable legal authorities, the Court also recognizes that there might be room for debate among jurists with regard to Claim I. Accordingly, a COA should issue on the question of whether Puckett's rights under the Equal Protection Clause were violated by the prosecution's use of peremptory strikes to remove all African-Americans from his jury, but a COA should not issue on the remaining grounds.

Date: January 5, 2010                    *s/ Halil Suleyman Ozerden*
                                          HALIL SULEYMAN OZERDEN
                                          UNITED STATES DISTRICT JUDGE